UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AIMCO MICHIGAN MEADOWS ) | |
| HOLDINGS, LLC, ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | 1:05-cv-088-LJM-WTL |
| ) | |
| GENUINE PARTS COMPANY, ) | |
|     Defendant. ) | |

## ORDER

Defendant, Genuine Parts Company ("Genuine Parts"), has moved for Summary Judgment on Counts VIII and IX of Plaintiff's, AIMCO Michigan Meadows Holdings, LLC ("AIMCO"), Complaint. Both counts are brought under Indiana environmental law. Count VIII alleges a cause of action under Indiana Code §13-30-9 which provides that a person may bring an action against another person who caused or contributed to the release of a hazardous substance that poses a risk to human health and the environment to recover costs of remediation. Count IX requests a declaratory judgment that Genuine Parts is liable to AIMCO for costs connected with clean up and investigation which AIMCO alleges Genuine Parts will owe pursuant to the application of I.C.§ 13-30-9.

Genuine Parts seeks to invoke the protection of I.C. §13-25-5-18(e) against these two counts. The operable language of 18(e) reads:

> After an applicant and the department have signed a voluntary remediation agreement, a person may not bring an action, including an administrative action, against the applicant or any other person proceeding under this chapter on behalf of the applicant for any cause of action arising under this title or rules adopted under this title and relating to the release or threatened release of a hazardous substance or petroleum that is the subject of the agreement.

No immunity attaches under this section if "(1) the applicant fails to file a proposed voluntary remediation work plan within the time period established in section 8(a)(8) of this chapter."

The parties do not dispute that Genuine Parts did sign a voluntary remediation with the Indiana Department of Environmental Management (IDEM). It is the consequence and timing of this signing with which the parties disagree. Genuine Parts asserts that because a voluntary remediation agreement now exists, AIMCO cannot sue them under the Indiana Statute because no person can sue a party to the agreement for any cause of action relating to the release or threatened release of a hazardous substance that is the subject of the agreement. The parties do not dispute that these two counts are a suit by a person against a party to a voluntary remediation agreement relating to the release or threatened release of the hazardous substance that is the subject of the agreement. AIMCO asserts that it can maintain this suit for two reasons. First, the offended property is not being addressed in the voluntary remediation and, second, because Genuine Parts failed to file it's proposed voluntary remediation work plan within the time period established.

It appears to this Court, after a reading of the controlling Indiana statute, that the Motion for Summary Judgment must be granted. I.C. §13-25-5-18(e) is clear. No argument is made that the statute is unconstitutional. The statute clearly provides that once a voluntary remediation agreement is in place, the applicant therefore, in this case Genuine Parts, cannot be sued by anyone for any cause of action relating to the release or threatened release of a hazardous substance. The parties do not dispute that the hazardous substance which is the subject of the remediation agreement is the same hazardous substance of which AIMCO complains. Thus the only issue can be the timeliness of the filing of the work plan.

The uncontroverted evidence in the case is that the work plan was timely filed. The affidavit

of William Wieringa establishes the timeliness of the filing. I.C.13-25-5-8(a)(8) provides that the work plan must be filed not later than one hundred eighty days after the date the voluntary remediation agreement was signed or after a longer period if the extension is agreed to by the department and the applicant. The work plan in this case was filed beyond 180 days from the date of the agreement. The affidavit of the representative of the department, however, makes it clear that the extension agreement was agreed to by the parties.

For these reasons the Motion for Summary judgment addressed to Counts VIII and IX is GRANTED. AIMCO, however, is not left without remedy. Aside from the federal cause of action that remains a part of this suit, AIMCO has an ongoing administrative remedy. The record reflects that it's objection to the work plan is currently before a state administrative agency.

IT IS SO ORDERED this 31st day of March, 2006.

LARRY J. McKINNEY, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed to:

Lewis Daniel Beckwith
BAKER & DANIELS
lew.beckwith@bakerd.com

Carrie Wagner Bootcheck
BOSE MCKINNEY & EVANS, LLP
cbootcheck@boselaw.com

Robert Ballard Clemens
BOSE MCKINNEY & EVANS, LLP
rclemens@boselaw.com

Madonna Frances McGrath
BAKER & DANIELS
madonna.mcgrath@bakerd.com

Daniel P. McInerny
BOSE MCKINNEY & EVANS, LLP
dmcinerny@boselaw.com

Richard S. VanRheenen
BOSE MCKINNEY & EVANS, LLP
rvanrheenen@boselaw.com